



**MEISTER SEELIG & FEIN LLP**

2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
Telephone (212) 655-3500
Facsimile (212) 655-3535

David E. Ross
*Special Counsel*
Direct (212) 655-3531
Fax (646) 539-3631
der@msf-law.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/10

**MEMO ENDORSED**
P.3

May 27, 2010

<u>Via Hand Delivery</u>
Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street, Room 21B
New York, New York 10007

Re:   **<u>Shawn C. Carter v. Highland Capital et al.: Docket No: 10 CIV 0854 (DC)</u>**

Dear Judge Berman:

We represent the Defendants Highland Capital Management, LP and Nexbank SSB ("Defendants") in the above-captioned matter. We submit this correspondence in support of our request for a pre-motion conference to move for the following relief: (1) to dismiss the Fifth Cause of Action of Plaintiff's Complaint pursuant to Fed R. Civ. P. 12(b)(6); and (2) to strike paragraphs 22-25 of Plaintiff's Complaint and Exhibits A-C attached thereto in their entirety as well as portions of paragraphs 27, 28, 29 and 32 in accordance with Fed. R. Civ. P. 12(f). (A copy of Plaintiff's Complaint is annexed hereto as Exhibit "A").

This relief should be granted because the Fifth Cause of Action and the aforementioned allegations and exhibits, improperly reveal the contents of settlement communications that were conducted under the parties' broadly drafted August 3, 2009 Pre-Negotiation Agreement (the "Agreement". a copy of which is annexed hereto as Exhibit "B"), which provided that all communications after July 13, 2009 were confidential

*4187-002 Doc# 138*

NEW JERSEY : 2G Auer Court, Williamsburg Commons: East Brunswick, NJ 08816   Tele.(732)432-0073
CALIFORNIA: Chassman & Seelig LLP: 350 South Figueroa Street, Suite 580: Los Angeles, CA 90071   Tele.(213)626-6700



**MEISTER SEELIG & FEIN LLP**

*Honorable Richard M. Berman*
*May 27, 2010*
*Page 2*

settlement discussions that could not be used in any way against any party, and under Rule 408 of the Federal Rules of Evidence ("FRE 408"), which the Agreement expressly referenced. As a result, Plaintiff's inclusion of the above-matter in his Complaint is patently improper and this Court should respectively dismiss the Fifth Cause of Action (which is based solely on the confidential settlement communications) and strike the above-referenced allegations and exhibits in their entirety.

We have attempted in good faith to resolve this matter with Plaintiff. However, other than agreeing to strike portions of paragraph 22 of his Complaint, he has <u>refused to amend his Complaint</u>. To narrow the issues and streamline discovery, we therefore seek the Court's intervention on this issue.

Section 6 of the Agreement entitled "<u>Inadmissible Evidence</u>" bars the above-referenced language and exhibits from the Complaint. Specifically, the Agreement is broadly worded and sets forth that <u>all</u> conduct and communications of any kind between the parties after the date of the Agreement are confidential, inadmissible and that the bar to admissibility is even broader than the bar under FRE 408. In addition to the blanket inadmissibility clause of Section 6, Section 1, Paragraph 2 of the Agreement also states in relevant part (emphasis below added):

> The conduct by and communications among the Parties (from and after July 13, 2009) shall not constitute offers, acceptances, contracts, or courses of dealing and **shall have no effect whatsoever unless and until reduced to a written agreement.**

*4187-002 Doc# 136*



*Honorable Richard M. Berman*
*May 27, 2010*
*Page 3*

However, notwithstanding these sections, FRE 408 and other sections of the Agreement (e.g. Sections 1, 2 & 8 of the Agreement) the Complaint is replete with inadmissible, confidential information that has been improperly inserted into the Complaint in bad faith and in breach of the express terms of the Agreement and FRE 408. Such information is also used as the sole basis for the Fifth Cause of Action. This is improper.

For example, Paragraph 6 of the Complaint alleges a "bad faith" course of conduct. However, some of the facts pleaded to support this purported "course of conduct" improperly reference communications and negotiations that are confidential and inadmissible in this action, or any other, under the express terms of the Agreement. As set forth above, the offending portions of the Complaint are contained within the full text of paragraphs 22-25, portions of paragraphs 27-29 and 32 and within the entire Fifth Cause of Action of the Complaint. While the Plaintiff is free to allege that he properly tendered and claim damages from what he claims was our client's rejection of the tender – a claim that the facts will not bear out – the Agreement and Rule 408 bar Plaintiff from pleading the above-referenced facts in support of that claim.

Finally, Plaintiff's fraud claim must also be dismissed because it is merely a breach of contract claim dressed up as purported fraud.

Respectfully submitted,

David E. Ross

cc: Robert N. Chan, Esq. (Via e-mail & regular mail)

> A premotion conf is scheduled for 6/8 at 9am.
>
> SO ORDERED:
> Date: 6/1/10
> Richard M. Berman, U.S.D.J.